# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE STEWART, | Case No. 1:11-cv-02020-SAB (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| MATTHEW CATE, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.**

**INTRODUCTION**

Plaintiff Willie Steward ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 7, 2011. (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to the claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

///

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///
///
///

## III.

## COMPLAINT ALLEGATIONS

Plaintiff is currently in custody at Pleasant Valley State Prison ("PVSP") located near Coalinga, California. The incidents the Plaintiff alleges took place while he was incarcerated in PVSP. Plaintiff names James Yates, Warden; Matthew Cate, Secretary of California Department of Corrections and Rehabilitation ("CDCR"); and Felix Igbinosa, Chief Medical Officer ("CMO"), as defendants (collectively referred to as "Defendants").

Plaintiff alleges in his complaint that PVSP has a very high infection rate of Valley Fever among inmates. In 2007, the CDCR directed PVSP to implement environmental controls to reduce inmates' chances of infection. The environmental controls included planting ground cover on open dirt areas, wetting the ground prior to digging, providing inmates with protective masks, and informing inmates of windy weather forecasts. Plaintiff alleges the Defendants subjected him to unreasonably hazardous conditions of confinement, and acted with deliberate indifference towards these conditions because they were aware of the high infection Valley Fever infection rates at PVSP, failed to implement environmental safety controls to mitigate exposure, and authorized the activities which caused him to be excessively exposed to the disease.

Plaintiff alleges that Defendant Yates authorized a sewage construction project in which large amounts of dirt were excavated at PVSP. Plaintiff was not warned of the dusty conditions or given a protective mask. As a result, he inhaled excessive dust particles. Plaintiff also alleges that Defendant Yates authorized inmates to dig and maintain a softball field without wetting the dirt, which caused Plaintiff to involuntarily inhale excessive dust.

Defendant Cate visited PVSP frequently and was aware of the dangerous health conditions posed to PVSP inmates by the large areas of open dirt around the facility. However, Defendant Cate failed to implement the environmental controls ordered by CDCR in 2007.

Plaintiff alleges that between 2008 and 2009 the medical staff at PVSP denied his requests for a protective mask. The medical staff informed Plaintiff that Defendant Igbinosa implemented a policy allowing only inmates with serious medical conditions, such as HIV, to possess a mask.

Upon arriving at PVSP, Plaintiff had no symptoms of Valley Fever. Plaintiff is an African-American male and alleges that he is therefore particularly susceptible to contracting Valley Fever. On September 15, 2010, Plaintiff informed medical staff he was suffering from joint aches, night sweats, fever, and respiratory complications. Plaintiff had X-rays taken at the PVSP health facility that showed signs of Valley Fever in his lungs. Subsequently, he was rushed to Coalinga Regional Medical Center where he was diagnosed with Valley Fever and Pneumonia. He was discharged to PVSP on September 21, 2010. On October 5, 2010, he submitted a health care request complaining of respiratory complications and difficulty walking. Plaintiff submitted multiple health care requests on and after November 5, 2011 that contained complaints of fatigue, rashes, and joint pain. On November 11, 2011, J. Ortiz-Singh, M.D. examined Plaintiff and informed him that he had relapsed with Valley Fever.

### IV.

### DISCUSSION

#### A. <u>**Eighth Amendment Medical Deliberate Indifference Claims**</u>

Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057

(9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim. Snow v. McDaniel, 681 F.3d 978, 990 (9th Cir. 2012); Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). However, deliberate indifference must be shown and it is a high legal standard. Toguchi, 391 F.3d at 1060 (quotation marks omitted). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff's complaint is devoid of factual support for his claim that Defendants Cate, Yates, or Igninosa acted with deliberate indifference to Plaintiff's medical needs.

Plaintiff's complaint alleges that he contracted Valley Fever, a serious disease. However, Plaintiff nonetheless fails to allege any facts showing the he requested medical attention from Defendants. Accordingly, the Court finds that Plaintiff's allegations are insufficient to state a claim against Defendants for deliberate indifference, in violation of the Eighth Amendment.

### B. Eighth Amendment Conditions and Confinement Claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue. . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson, 503 U.S. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321 (1991)).

Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

Here, Plaintiff's complaint lacks specific allegations supporting his claim that Defendants Cate, Yates and Igbinosa knowingly disregarded the alleged risk of harm to Plaintiff's health or safety. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. General allegations about the dangerous conditions at PVSP and the failure to protect Plaintiff from those conditions, or risks, are not sufficient to support an Eighth Amendment claim. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128. Due to the fact that Plaintiff may be able to cure the deficiencies in his claims, the Court will grant leave to amend.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 7, 2011, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 23, 2013**                          _____
                                                                    UNITED STATES MAGISTRATE JUDGE