UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No.: 1:11-cv-02020-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITHOUT LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM |

Plaintiff Willie Stewart is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on January 24, 2012. Local Rule 302.

Plaintiff initiated the instant action on December 7, 2011. On August 23, 2013, the Court screened and dismissed the original complaint with leave to amend for failure to state a cognizable claim. On September 23, 2013, Plaintiff filed an amended complaint.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

///

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

When Plaintiff was released from the hospital in September 2010, he informed Defendants Cate, Yates, and Igbinosa of his medical condition and pleaded to be transferred to a different facility. None of the Defendants responded to Plaintiff's complaint. Plaintiff contends that Defendants only responded to his inmate grievance by stating, an "inmate patient who do[es] not meet any of these criteria or have already contracted Valley Fever do not medically qualify for a transfer." Plaintiff contends he met the criteria, yet he was not authorized for a transfer.

Former Warden Yates exposed Plaintiff to unnecessary and excessive risk to Valley Fever by approving his job assignment as a yard crew worker. In 2006, Yates was notified by staff that over

500 cases of Valley Fever were at Pleasant Valley State Prison (PVSP). Yates failed to protect Plaintiff from the increased infection regarding the construction at Coalinga State Prison located directly next to PVSP. Yates failed to implement environment controls recommended by the California Department of Health Services. Yates approved of construction on prison grounds which exposed Plaintiff to large dust clouds as he worked in the yard. Masks were not proved at any time. Plaintiff contends Yates authorized inmates to dig and maintain a softball field without wetting the dirt, which caused Plaintiff to involuntarily inhale excessive dust.

Chief Medical Officer Igbinosa was informed by the medical director of the deadly disease. All of the Defendants visited the yards and knew of the inmates activities, but no action was ever taken to assist Plaintiff. Igbinosa knowingly refused to transfer Plaintiff from the prison, despite notification by way of inmate appeal. Plaintiff contends Igbinosa was indifferent to his pain and suffering and lack of nutrition and medication. Due to a lockdown, no daily showers were allowed without a medical chrono. When Plaintiff requested a dust mask, it was refused pursuant to Igbinosa's policy that only allowed inmates with a serious medical condition, such as HIV, to possess a mask.

On November 11, 2010, Plaintiff was evaluated by Dr. J.Ortiz-Singh and informed he had relapsed with Valley Fever.

### III.

### DISCUSSION

**A.     Eighth Amendment Medical Deliberate Indifference Claim**

Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must

know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim. Snow v. McDaniel, 681 F.3d 978, 990 (9th Cir. 2012); Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). However, deliberate indifference must be shown and it is a high legal standard. Toguchi, 391 F.3d at 1060 (quotation marks omitted). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff's complaint is devoid of factual support for his claim that Defendants Cate, Yates, or Igbinosa acted with deliberate indifference to Plaintiff's medical needs. Plaintiff's complaint alleges that he contracted Valley Fever, a serious disease. However, Plaintiff nonetheless fails to allege any facts showing the he requested and was denied medical attention from Defendants. The mere allegation that Defendant Igbinosa was indifferent to his pain and serious and lack of nutrition and medication based on the daily of daily showers without a medical chrono due to a lockdown, is wholly insufficient to rise to the level of a constitutional violation. Nor has Plaintiff alleged any facts to demonstrate that any of the named Defendants were subjectively aware of a serious risk to Plaintiff's health. Accordingly, the Court finds that Plaintiff's allegations are insufficient to state a claim against Defendants for deliberate indifference, in violation of the Eighth Amendment.

///

B.     **Eighth Amendment Conditions of Confinement Claim**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue. . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson, 503 U.S. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

///

1    Here, Plaintiff's complaint lacks specific allegations supporting his claim that Defendants Cate, Yates and Igbinosa knowingly disregarded the alleged risk of harm to Plaintiff's health or safety. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.  General allegations about the dangerous conditions at PVSP and the failure to protect Plaintiff from those conditions, or risks, are not sufficient to support an Eighth Amendment claim.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

### C. Dismissal Without Leave to Amend

Generally, leave to amend a dismissed complaint should be granted if it appears at all possible that the plaintiff can correct the defects in the complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  However, leave to amend may be denied when a plaintiff was previously notified of the deficiencies in his claims but did not cure them.  See Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

Here, Plaintiff was previously informed of the deficiencies in his claims and his First Amended Complaint failed to cure them.  Accordingly, the Court will dismiss Plaintiff's First Amended Complaint without leave to amend.

## IV.
## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims.  Moreover, the Court finds that leave to amend should be denied because Plaintiff's claims cannot be cured by granting further leave to amend.

///
///
///
///
///
///
///

Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is DISMISSED, without leave to amend, for failure to state a cognizable claim;

2. The Clerk of Court is directed to enter judgment; and

3. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: **January 24, 2014**

UNITED STATES MAGISTRATE JUDGE