1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE STEWART,<br><br>            Plaintiff,<br><br>     v.<br><br>MATTHEW CATE, et al.,<br><br>            Defendants. | Case No.: 1:11-cv-02020-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. |

Now pending before the Court is Plaintiff's motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, filed February 12, 2014.

On January 27, 2014, the undersigned dismissed the instant complaint filed pursuant to 42 U.S.C. § 1983, for failure to state a cognizable claim and judgment was entered.

Where, as here, the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999).

Plaintiff seeks reconsideration on the ground that "each named defendant personally participated in the deprivation of his constitutional rights[,] and therefore the motion to alter judgment should be granted as a matter of law." (ECF NO. 14, Motion, at 1.)

Plaintiff has not set forth any basis that warrants reconsideration. Specifically, Plaintiff has not presented any newly discovered evidence, demonstrated that the Court committed clear error, or cited to any intervening change in the controlling law such that reconsideration is warranted. The Court's January 27, 2014, dismissal order explained that Plaintiff failed to state a cognizable claim under the Eighth Amendment. (ECF No. 12.) Plaintiff's disagreement with the Court's ruling on the cognizability of his claims presented in the complaint does not provide a basis to warrant reconsideration, nor is reconsideration the opportunity for the unsuccessful party to rehash arguments previously presented and rejected by the Court. United States v. Navarro, 972 F.Supp. 1296, 1299 (E.D. Cal. 1997) (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under Fed. R. Civ. P. 59e)), reversed on other grounds 160 F.3d 1254 (9th Cir. 1998).

Based on the foregoing, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **April 2, 2014**

UNITED STATES MAGISTRATE JUDGE